IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL W. PRUITT**                                                                               **PETITIONER**

**v.**                                                                              **No. 3:23CV255-MPM-JMV**

**WARDEN DYKES**                                                                **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Michael W. Pruitt for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition, in part, as untimely filed under 28 U.S.C. § 2244(d)(2) – and, in part, for failure to state a valid claim under 28 U.S.C. § 2254. Pruitt has responded, and the State has replied. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed.

**Facts and Procedural Posture**

**Plea and Sentences**

On August 21, 2006, a Marshall County grand jury indicted Pruitt on two counts of aggravated assault, two counts of sexual battery, one count of kidnapping, and one count of touching a child for lustful purposes. Exhibit A (Indictment) [1]; SCR, 2008-CP-1716, Vol. 1, p. 35. On March 12, 2007, Pruitt agreed to plead open on charges of kidnapping, aggravated assault, and sexual battery in exchange for the State "retir[ing] to the files" the second count of sexual battery and one count of touching a child for lustful purposes. Exhibit B (Plea Agreement); SCR, 2008-CP-1716, Case Folder, pp. 66—73. On March 19, 2007, Pruitt pled guilty to charges of kidnapping, aggravated assault, and sexual battery. SCR, 2008-CP-1716,

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss the instant petition for a writ of *habeas corpus*.

Case Folder, pp. 74—94. On April 10, 2007, the trial court sentenced Pruitt to life imprisonment for the charge of sexual battery, thirty years in the custody of MDOC for the charge of kidnapping, and twenty years in the custody of MDOC for the charge of aggravated assault—with all sentences to run consecutively. Exhibit C (Sentencing Hearing Transcript); SCR, 2008-CP-1716, Case Folder, pp. 118—19.

### State Post-Conviction Proceedings

Pruitt submitted to the Mississippi Supreme Court a *pro se* petition for post-conviction relief on August 8, 2007, which he styled an "appeal" (First PCR Motion). SCR, 2007-M-01347, pp. 5—6. In that petition, Pruitt claimed that he had been "forced" to sign a plea agreement to unspecified charges and his trial counsel, Dolan, had ineffectively assisted him. SCR, 2007-M-01347, pp. 5-6. The Mississippi Supreme Court dismissed Pruitt's first PCR motion without prejudice to his ability to file it in the trial court. SCR, 2007-M-01347, p. 4.

Almost eight months later, Pruitt submitted a second *pro se* petition for post-conviction collateral relief on April 1, 2008, in the Marshall County Circuit Court. Exhibit D (Second PCR Motion); SCR, 2008-CP-01716-COA, Vol 1, pp. 7—33. Pruitt alleged that, at the time he entered his guilty plea, he was under the influence of medication and was suffering from "depress[ion] and [a] mental disorder." Exhibit D. Pruitt also raised the following grounds for post-conviction relief: ineffective assistance of trial counsel; involuntariness of his guilty plea; invalid arrest; improperly admitted evidence; and illegal sentences. Exhibit D. Pruitt signed and submitted a motion to amend his previous petition to supplement his facts in support of his ineffective assistance of counsel claim to include allegations that his trial counsel, Dolan, had been suspended from the practice of law in Tennessee. SCR, 2008-CP-01716-COA, Vol 1, pp. 147—53. The trial court denied Pruitt's Second PCR motion on September 22, 2008. Exhibit E

(Order Denying Relief); SCR, 2008-CP-01716-COA, Vol 2, p. 3. Pruitt appealed. SCR, 2008-CP-01716-COA, Vol. 2, pp. 4—5.

In his appeal of the denial of his Second PCR motion, Pruitt alleged that his guilty plea was involuntary due to his being under the influence of antidepressants and due to coercion. Exhibit F (Court of Appeals Opinion); *see also Pruitt v. State*, 53 So. 3d 24, 26—27 (Miss. Ct. App. 2010). Pruitt also alleged that his trial counsel was ineffective because counsel had been suspended form the practice of law in Tennessee and failed to adequately investigate the State's case against Pruitt. *Pruitt*, 53 So. 3d at 27—29. The Court of Appeals rejected those arguments and affirmed Pruitt's guilty plea and sentences on June 1, 2010. *Id.* at 29. Pruitt moved for a rehearing of his appeal, but the Court of Appeals denied his request on November 2, 2010. SCR, 2008-CP-1716-COA, Case Folder, pp. 9—29.

Pruitt petitioned the Mississippi Supreme Court for certiorari review, arguing that his guilty plea was involuntary and that trial counsel ineffectively assisted him. SCR, 2008-CT-1716, pp. 5—16. The appellate court denied Pruitt's petition for certiorari review on February 3, 2011. Exhibit G (Order); SCR, 2008-CP-1716, Case Folder, p. 4.

On November 29, 2018, Pruitt signed and submitted a *pro se* motion for leave to file a successive petition for post-conviction collateral relief to the Mississippi Supreme Court (Third PCR Motion). SCR, 2018-M-1679, Misc. Case Folder, pp. 6—50. Pruitt alleged that the trial court erred in accepting his guilty plea, the trial court failed to follow the state court rules governing mental competency, that he was under the influence of medication at the time of his plea rendering the plea involuntary – and that his trial counsel was ineffective. SCR, 2018-M-1679, Misc. Case Folder, pp. 6—50. On February 14, 2019, the Mississippi Supreme Court dismissed Pruitt's third PCR motion without prejudice, to be filed in the trial court. SCR, 2018-M-1679, Misc. Case Folder, p. 2.

On March 14, 2019, Pruitt filed a petition for post-conviction collateral relief, requesting that the trial court vacate his sentence and withdraw his open plea (Fourth PCR Motion). SCR, 2019-CP-755, Vol. 1, pp. 17—65. In his petition, Pruitt alleged that the trial court erred in accepting his plea because no competency hearing had been held, that his plea had been involuntary, and that his trial counsel had been ineffective. SCR, 2019-CP-755, Vol. 1, p. 24. On March 28, 2019, the Marshall County Circuit Court denied Pruitt's fourth PCR Motion as both time-barred and successive. SCR, 2019-CP-755, Case Folder, p. 85.

Pruitt appealed on April 30, 2019. SCR, 2019-CP-755, Case Folder, p. 100. The Court of Appeals affirmed the circuit court's denial of relief on April 28, 2020. SCR, 2019-CP-00755-COA, Vol. 1, pp. 36—43. Pruitt petitioned the Mississippi Supreme Court for certiorari review, and the appellate court denied his petition on November 19, 2020. SCR, 2019-CP-755, Cert. Folder, pp. 5—19.

**Federal *Habeas Corpus* Proceeding**

In his federal petition for a writ of *habeas corpus*, Pruitt challenges his March 2007 guilty plea and April 10, 2007, sentences in Marshall County Circuit Court. Doc. 1. Pruitt asserts four grounds for relief: (1) his sentences were "successive"; (2) his sentences were excessive; (3) the trial court erred in accepting his guilty plea; and (4) MDOC subjected him to an unconstitutional "program" that resulted in alleged "inhumane treatment" and "torture." Doc. 1. In support of Ground Four, Pruitt alleges that MDOC has assigned him to a "[c]ognitive [b]ehavioral" or "neurophysiological" treatment program, which he contends is a form of punishment and torture in violation of his constitutional rights and MDOC policy. Doc. 10. In support of his illegal-sentence claims, Pruitt alleges that the "capitol clause" was added to his sentence without first "remanding" or "reversing" his sentence to the trial court for re-sentencing. Doc. 10 at 12. Pruitt further complains of alleged sexual assaults that are occurring at the facility in which he is

being housed. Doc. 10 at 14—15. Pruitt also asserts that he is innocent of the charges for which he was convicted and sentenced. Doc. 10 at 15—16.

## One-Year Limitations Period

Decision in this case as to Grounds One, Two, and Three is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).[2]

Pruitt's pleas and sentences became final on July 9, 2007. He pled guilty and was sentenced on April 10, 2007. Exhibits B, C. Pruitt's plea and sentences became final ninety days after he was sentenced. *See Wallace v. Mississippi*, 43 F. 4th 482, 500 (5th Cir. 2022) (a Mississippi petitioner's guilty plea becomes final under the AEDPA ninety days after sentencing

---

[2] As discussed below, Pruitt's allegations in Ground Four regarding the conditions of his confinement are not proper claims in a *habeas corpus* proceeding and will be dismissed without prejudice for that reason.

- 5 -

on his plea—when the time for seeking direct review of the guilty plea in the Supreme Court would expire); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that "the judgment becomes final at the expiration of the time for seeking [direct] review—when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires"); *Roberts,* 319 F. 3d 690 at 693. Pruitt's plea and sentences thus became final on July 9, 2007 (April 10, 2007 + 90 days).

Absent statutory or equitable tolling, Pruitt had one year from that date to file a federal *habeas corpus* petition—on or before July 9, 2008. *See* 28 U.S.C. § 2244(d). As discussed below, Pruitt's second PCR motion, filed in April 2008, was the only one that was properly filed. However, even with statutory tolling for the second PCR motion, Pruitt filed the instant *habeas corpus* petition over a decade after the statute of limitations expired.

### Pruitt Is Entitled to 1,038 Days of Statutory Tolling Under 28 U.S.C. § 2244(D)(2) During the Pendency of His Second PCR Motion.

Under the AEDPA, a state post-conviction relief (PCR) motion is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Leonard v. Deville*, 960 F. 2d 164, 168 (5th Cir. 2020) (quoting *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a state post-conviction motion rejected by the state court as untimely "was not 'properly filed,' and the petitioner was not entitled to statutory tolling under § 2244(d)(2)"). A state post-conviction motion filed after a petitioner's federal *habeas corpus* limitations period has expired does not statutorily toll that limitations period. *See Wion v. Quarterman*, 657 F.3d 146, 148 (5th Cir. 2009) (only a "properly filed application for State post-conviction or other collateral relief" will toll the limitations period) (citing 28 U.S.C. § 2254(d)(2)); *see also Torres v. Lumpkin*, No. 20-40819, 2021 WL 6101505, at *1 (5th Cir. Oct. 6, 2021) (quoting *Scott v. Johnson*, 227 F. 3d

260, 263 (5th Cir. 2000)) (a "state habeas application did not toll the limitation period under section 2244(d)(2) because it was not filed until after the period of limitations had expired").

Following Pruitt's April 10, 2007, sentencing, he filed his first PCR motion with the Mississippi Supreme Court, which dismissed the motion without prejudice to be filed in the trial court. SCR, 2007-M-01347, pp. 4—6. However, Pruitt's pleading was not "properly filed" as contemplated by 28 U.S.C. § 2244(d)(2) because he filed his first PCR motion in a court without jurisdiction.

Pruitt did, however, properly submit his second PCR motion on April 1, 2008, before the expiration of the one-year statute of limitations on July 9, 2008. Exhibit D. Pruitt's second PCR motion was pending from the time it was filed on April 1, 2008, until February 3, 2011, when the Mississippi Supreme Court denied certiorari review of Pruitt's appeal of the trial court's denial of the second PCR Motion. Exhibits E, F, G. As such, the AEDPA statute of limitations was tolled for a total of 1,038 days during the pendency of Pruitt's second PCR Motion. Applying the 1,038 days of statutory tolling to the July 9, 2008, expiration date of the one-year statute of limitations gave Pruitt until May 13, 2011, to file his federal petition for a writ of *habeas corpus*. He is not, however, entitled to statutory tolling during the pendency of his third and fourth PCR motions, as he submitted each of them after the expiration of the limitations period.

Pruitt did not submit his federal *habeas corpus* petition until March 5, 2023 – over eleven years after the expiration of the statute of limitations. Doc. 1.

**Equitable Tolling Does Not Apply**

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d) is not

jurisdictional; thus, it is subject to equitable tolling, *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002), and a district court may thus toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). A court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling applies. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of four months may show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)

Pruitt has not argued that extraordinary circumstances prevented him from timely filing his federal petition for a writ of *habeas corpus*. Instead, he argues that his petition is timely because his various PCR motions in state court give rise to statutory tolling. However, as discussed above, statutory tolling (properly calculated) does not render his petition timely.

In addition, Pruitt has not shown that "he pursued his rights diligently," as required to invoke equitable tolling. *Smith v. Vannoy*, 848 F. App'x 624, 628–29 (5th Cir. 2021) (citing *Holland*, 560 U.S. at 649). He must show that there was a "causal relationship between the

extraordinary circumstance and his delay," and this relationship "cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Id*. He has not shown that he diligently pursued his rights to benefit from equitable tolling.

After his April 10, 2006, sentencing on the sexual battery, aggravated assault, and kidnapping convictions, Pruitt filed his first PCR motion in August 2007 in the Mississippi Supreme Court, but it was dismissed for lack of jurisdiction. He filed his second PCR motion eight months later, which ultimately concluded with the Mississippi Supreme Court's denial of Pruitt's certiorari petition on February 3, 2011. Pruitt did not submit his third PCR motion for over seven years afterwards, on November 29, 2018. SCR, 2018-M-1679, Misc. Case Folder, pp. 6—50. Pruitt's fourth PCR motion was not filed until March 14, 2019, almost twelve years after the trial court imposed his sentences. Pruitt did not purse federal *habeas corpus* relief until March 5, 2023, when he signed and submitted the instant petition. Doc. 1.

By any rational measure, Pruitt was not reasonably diligent in pursuing his claims challenging his conviction and sentence. *See Palacios v. Stephens*, 723 F.3d 600, 604–08 (5th Cir. 2013). Pruitt has met neither of the requisite prongs; as such, he not entitled to equitable tolling of the limitations period. Pruitt's allegations in Grounds One, Two, and Three thus remain untimely and will be dismissed with prejudice.

### Pruitt's Claims of an Illegal Sentence Do Not Exempt Him from the One-Year Limitations Period

Pruitt alleges in Grounds One and Two that his sentences were "illegal" and unconstitutional. Doc. 1 at 6. A claim alleging an "illegal sentence" does not exempt a *habeas corpus* petition from the one-year federal statute of limitations. *See Watts v. Williams*, 3:20cv139-NBB-JMV, 2021 WL 1582775, at *3 (N.D. Miss. Apr. 22, 2021) (collecting cases); *see also Johnson v. Hall*, 3:19cv567-TSL-MTP, 2020 WL 4590023, at *2 (S.D. Miss. June 26,

2020), *report and recommendation adopted,* 2020 WL 4587006 (S.D. Miss. Aug. 10, 2020). As such, Grounds One, Two, and Three of Pruitt's federal petition for a writ of *habeas corpus* were untimely filed.

### Pruitt Has Not Provided a Valid Claim of "Actual Innocence" to Overcome the Federal *Habeas Corpus* Limitations Period.

Pruitt alleges in his that he is innocent of the charges to which he pled guilty in the Marshall Circuit Court. Doc. 10 at 16. A claim of actual innocence is not a freestanding ground for federal *habeas corpus* relief. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 573 (2018) (citation omitted); *see also Merryman v. Davis*, 781 F. App'x 325, 328–29 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 527 (2019), *reh'g denied*, 140 S. Ct. 1252 (2020); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). Instead, a valid claim of actual innocence "provides a 'gateway' for the petitioner to proceed on the merits." *Id*. Pruitt has not, however, made a valid "actual innocence" claim. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

In support of his claim of "actual innocence," Pruitt alleges that the "medical records will *still* show in my case that I never touched the girl that had been victimize[ed] and no evidence was collected to show that the Petitioner committed the crime." Doc. 10 at 16 (emphasis added). Pruitt thus fails to submit any *new*, reliable evidence sufficient to establish that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *See McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 324. Pruitt's bare allegations concerning the lack of evidence in his criminal case do not constitute new evidence under *Schlup* because the evidence was "always within the reach of [Pruitt's] personal knowledge or reasonable investigation." *Schlup*, 513 U.S. at 324. A fundamental miscarriage of justice will not occur if the court does not review the merits of Pruitt's claim, and the "actual innocence" exception does not provide Pruitt a gateway to pursue the merits of his claims.

**Timeliness Calculation**

The instant petition was filed on March 5, 2023, over 11 years after the May 13, 2011, filing deadline. Doc. 1. As discussed above, the petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted as to Grounds One, Two, and Three of the instant petition for a writ of *habeas corpus* – and will be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Conditions of Confinement Allegations in Ground Four Are Not
Valid Claims in a *Habeas Corpus* Proceeding**

Pruitt argues that the "cognitive behavioral" and "neurophysiological" "Scratch program" to which MDOC assigned him rise to the level of unconstitutionally harsh punishment – and that he is entitled to monetary damages. Doc. 10 at 8, 12—14. He also alleges that there are widespread instances of sexual assault in his facility of confinement. Doc. 10 at 6, 14—15. Pruitt thus challenges the "rules, customs, and procedures affecting [the] 'conditions' of his confinement" not "the 'fact or duration' of his confinement." *Cook v. Texas Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987)).

Pruitt's claims concerning his treatment at MDOC and participation in MDOC programs fail to state a claim upon which relief can be granted in a federal habeas proceeding. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures, and a § 2254 *habeas corpus* petition is the proper vehicle to seek release from custody); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (state prisoners cannot state a claim for unconstitutional conditions of confinement in a *habeas corpus* petition unless granting the relief sought "inevitably" affects the duration of his sentence); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (*per curiam*) (if a

favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is § 1983). Indeed, Pruitt has unsuccessfully asserted similar claims in a prior Section 1983 lawsuit concerning having been monitored by the government as part of his cognitive behavior therapy. *See* Exhibit H (Mem. Op. and Order); *see also Pruitt v. The World of Misuse, et al.*, Cause No. 3:21-cv-808-TSL-MTP. Because Ground Four is a claim available under 42 U.S.C. §1983, it will be dismissed without prejudice for failure to state a valid *habeas corpus* claim.

**Conclusion**

In sum, as to the claims properly brought under 28 U.S.C. § 2254 (Grounds One, Two, and Three), the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed. In addition, the plaintiff's conditions of confinement claims in Ground Four will be dismissed without prejudice for failure to state a valid claim under 28 U.S.C. § 2254. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 12th day of February, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI